1  **KRONENBERGER ROSENFELD, LLP**
2  Karl S. Kronenberger (Bar No. 226112)
   karl@kr.law
3  Jeffrey M. Rosenfeld (Bar No. 222187)
   jeff@kr.law
4  Liana W. Chen (Bar No. 296965)
5  liana@kr.law
   Leah Rosa Vulić (Bar No. 343520)
6  leah@kr.law
7  150 Post Street, Suite 520
   San Francisco, CA 94108
8  Telephone: (415) 955-1155
9  Facsimile: (415) 955-1158

10
   Attorneys for Plaintiff Santo Remedio, LLC dba
11 Dr. Juan's Santo Remedio

12

13            **UNITED STATES DISTRICT COURT**
14            **CENTRAL DISTRICT OF CALIFORNIA**

15 **SANTO REMEDIO, LLC dba DR.**          Case No. 2:23-cv-2293
16 **JUAN'S SANTO REMEDIO**, a
   Florida limited liability company,        **COMPLAINT FOR:**
17
18            Plaintiff,                      **1. FALSE ADVERTISING IN**
                                                 **VIOLATION OF THE**
19       v.                                      **LANHAM ACT, 15 U.S.C.**
                                                 **§1125(a);**
20
   **LIMITLESS PERFORMANCE INC.**,         **2. UNFAIR COMPETITION IN**
21 a California corporation;                    **VIOLATION OF CAL. BUS. &**
   **EMBLAZE ONE INC.**, a Nevada              **PROF. CODE §17200; AND**
22 corporation;                             **3. BREACH OF CONTRACT**
23 **ONESHOT IP HOLDINGS, INC.**, a
   Nevada corporation;                       **DEMAND FOR JURY TRIAL**
24 **JASPREET MATHUR**, an
25 individual;
   **BALBOA WHOLESALE LLC DBA**
26 **RILLVO NUTRITION**, a Wyoming
27 limited liability company;
28

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**DURGON GRIP VENTURING, LLC**, a Maryland limited liability company;
**MARTIN ZASADZIEN**, an individual;
**ORANGA WELLNESS**, an Arizona company;
**FIT TODAY WELLNESS INC.**, a Florida corporation;
**BUYGOODS INC.**, a Delaware corporation;
**NEWCO LLC dba COCO MARCH**, a Puerto Rico limited liability company;
**SUMMER CASTLE LTD.**, a United Kingdom limited company;
**FREEDOM FORMULATIONS, INC.**, a Canadian corporation;
**AGNIENTE LIMITED**, a Cyprus public limited company; and
**DOES 1–50**,

Defendants.

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

Case No. 2:23-cv-2293

1

**COMPLAINT**

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1    Plaintiff Santo Remedio, LLC dba Dr. Juan's Santo Remedio
2  ("Plaintiff"), by and through undersigned counsel, alleges as follows:

3                            **INTRODUCTION**

4    1.    This is a case of willful misuse of a celebrity's name to trick
5  consumers into purchasing dietary supplements for weight loss.

6    2.    Plaintiff owns and licenses several active trademarks for use in
7  connection with its wellness and dietary supplement business, including the
8  trademarks SANTO REMEDIO, DR. JUAN'S SANTO REMEDIO, DR. JUAN
9  RIVERA, DR. JUAN RIVERA'S, DR. JUAN'S, DR. JUAN, and Santo
10  Remedio's logo (collectively, "Marks"). Additionally, Plaintiff and related
11  businesses are the exclusive licensees of the name and likeness of Plaintiff's
12  co-owner, the internationally renowned medical expert and television host,
13  Dr. Juan Rivera ("Dr. Juan"). *See* **Exhibit A**.

14    3.    Defendants have been exploiting Plaintiff's Marks and reputation
15  to lure consumers into ordering Defendants' dietary supplement products
16  ("Unlawful Products") on the false premise that they are sold or endorsed by
17  Plaintiff. Defendants' websites and advertising follow a common scheme,
18  primarily promoting weight loss dietary supplements, such as "Keto," CBD,"
19  and "gummy" offers, making deceptive health claims, targeting a vulnerable
20  population, and charging consumers high surprise charges without consent.
21  Non-exhaustive examples of Defendants' internet links, websites, and
22  advertising are attached as **Exhibits B–K.**

23    4.    Plaintiff litigated against certain Defendants in this Court two
24  years ago—Limitless Performance Inc., Emblaze One Inc., OneShot IP
25  Holdings, Inc., and Jaspreet Mathur (collectively, "Limitless Defendants")—
26  which resulted in a settlement agreement ("Agreement") for injunctive and
27  monetary relief, *see Santo Remedio, LLC dba Dr. Juan's Santo Remedio v.*
28  *OneShot IP Holdings, Inc. et al.*, Case No. 2-21-cv-03766-AB-PD (C.D. Cal.);

1  however, Limitless Defendants have not only violated various laws in
2  continuing their misconduct, they have breached the Agreement.

3      5.    While Defendants' infringement follows a common pattern,
4  Defendants, including Limitless Defendants, have taken steps to cover their
5  identities and relationships with other Defendants, necessitating discovery.

6      6.    Defendants' misconduct is ongoing and has caused Plaintiff
7  irreparable harm necessitating relief, and despite persistent efforts to stop
8  the misconduct, Defendants are continuing to deceive and harm the public,
9  including through false association with Plaintiff's Marks.

10                        **JURISDICTION & VENUE**

11     7.    The Court has subject matter jurisdiction under the Lanham Act,
12  15 U.S.C. §1125, and 28 U.S.C. §§1331, 1338(a)–(b).

13     8.    Venue is proper pursuant to 28 U.S.C. §1391 because this is a
14  District in which a substantial part of the events or omissions giving rise to
15  the claims occurred and/or in which Defendants may be found.

16     9.    The Court has personal jurisdiction over Defendants because a
17  substantial part of the events or omissions giving rise to the claims occurred,
18  and/or, on information and belief, certain Defendants have principal places
19  of business or reside in, California.

20     10.   In addition, on information and belief, all Defendants have
21  purposefully directed relevant conduct at California and its residents, and
22  availed themselves of the benefits of California law, including through online
23  advertising and sales to consumers, including in California; and jurisdiction
24  in this forum is reasonable.

25     11.   Moreover, Defendants' common scheme of infringement and
26  misconduct primarily uses California-based platform services for the
27  misconduct, such as Facebook, Instagram, and Google, including through
28  sponsored advertisements where Defendants, on information and belief,

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  target California residents.

2  **PARTIES**

3      12.    Plaintiff **Santo Remedio, LLC dba Dr. Juan's Santo Remedio**

4  is a Florida limited liability company with sales throughout the country and

5  with a principal place of business in Florida. Dr. Juan is a co-owner of Plaintiff

6  and an internationally known physician, author, and leading expert in

7  cardiovascular diseases and wellness issues.

8      13.    On information and belief, Defendant **Limitless Performance**

9  **Inc.** is a California corporation with a principal place of business in Los

10  Angeles, California and is the owner and/or registrant of one or more

11  websites that market and sell, and the advertiser and/or seller of, the

12  Unlawful Products, including "GoKeto" and "Keto Blast," misusing Plaintiff's

13  intellectual property. Examples of the Limitless Defendants' unlawful

14  conduct are attached as Exhibit C.

15      14.    On information and belief, Defendant **Emblaze One Inc.** is a

16  Nevada corporation with a principal place of business in Los Angeles

17  County, California, and with foreign entity filings in California, and is the

18  owner and/or registrant of one or more websites that market and sell, and

19  the advertiser and/or seller of, the Unlawful Products, including "GoKeto"

20  and "Keto Blast," misusing Plaintiff's intellectual property. This Defendant

21  has applied for various trademark registrations with the U.S. Patent and

22  Trademark Office ("USPTO") including terms like "Keto" and "CBD."

23      15.    On information and belief, Defendant **OneShot IP Holdings,**

24  **Inc.** is a Nevada corporation with a principal place of business in this District,

25  or at all relevant times was purposefully doing business in California, and is

26  the owner and/or registrant of one or more websites that market and sell,

27  and the advertiser and/or seller of, the Unlawful Products, including

28  "GoKeto" and "Keto Blast," misusing Plaintiff's intellectual property.

Case No. 2:23-cv-2293

4

COMPLAINT

**KRONENBERGER ROSENFELD**
150 Post Street, Suite 520 San Francisco, CA 94108

16.    On information and belief, Defendant **Jaspreet Mathur** resides in Los Angeles, California and is the owner and officer of multiple interconnected companies, including Defendants Limitless Performance Inc., Emblaze One Inc., and OneShot IP Holdings, Inc., as well as Smilz (a full spectrum CBD brand launched in connection with Floyd Mayweather). On information and belief, Defendant Mathur personally and materially controlled or had the ability to control, participated in, profited from, and ratified, the misconduct alleged against Limitless Defendants, which functioned as a common enterprise. On information and belief, Defendant Mathur was responsible for Defendants Limitless Performance Inc., Emblaze One Inc., and OneShot IP Holdings, Inc.'s contracts with relevant ad networks and websites, including for various "Keto" and/or "CBD" offers.

17.    On information and belief, Defendant **Balboa Wholesale LLC dba Rillvo Nutrition**, a Wyoming limited liability company, which purposefully does business in California, is the owner and/or registrant of one or more websites that market and sell, and the advertiser and/or seller of, the Unlawful Products, including "GoKeto," misusing Plaintiff's intellectual property, in connection or affiliation with Limitless Defendants.

18.    On information and belief, Defendant **Durgon Grip Venturing, LLC**, a Maryland limited liability company, which purposefully does business in California, is the owner and/or registrant of one or more websites that market and sell, and the advertiser and/or seller of, the Unlawful Products, including "GoKeto," misusing Plaintiff's intellectual property, in connection or affiliation with Limitless Defendants.

19.    On information and belief, Defendant **Martin Zasadzien,** an individual in Illinois, who purposefully does business in California, is the owner and/or registrant of one or more websites that market and sell, and the advertiser and/or seller of, the Unlawful Products, including "Keto Blast

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

Max," misusing Plaintiff's intellectual property, and applicant for the trademark registration for KETO BLAST with the USPTO, which it uses to market and sell the Unlawful Products. On information and belief, Defendant Zasadzien personally and materially controlled or had the ability to control, participated in, profited from, and ratified, the misconduct alleged against one or more entity Defendants. Examples of this Defendant's involvement are attached as Exhibit D.

20. On information and belief, Defendant **Oranga Wellness**, an Arizona company, which purposefully does business in California, is the owner and/or registrant of one or more websites that market and sell, and the advertiser and/or seller of, the Unlawful Products, including "Let's Keto," "Let's Keto Gummies," "Nutraplatforms," and "DrJuanRiveraKetoGummies," misusing Plaintiff's intellectual property. Examples of this Defendant's involvement are attached as Exhibit E.

21. On information and belief, Defendant **Fit Today Wellness Inc.**, a Florida corporation, which purposefully does business in California, is the owner and/or registrant of one or more websites that market and sell, and the advertiser and/or seller of, the Unlawful Products, including "Keto Gummies," misusing Plaintiff's intellectual property. Examples of this Defendant's involvement are attached as Exhibit F.

22. On information and belief, Defendant **BuyGoods Inc.,** a Delaware corporation, which purposefully does business in California, is the owner and/or registrant of one or more websites that market and sell, and the advertiser and/or seller of, the Unlawful Products, including "Adimin," misusing Plaintiff's intellectual property. Examples of this Defendant's involvement are attached as Exhibit G.

23. On information and belief, Defendant **NewCo LLC dba Coco March**, a limited liability company in Puerto Rico, which purposefully does

1  business in California, is the advertiser and/or seller of the Unlawful
2  Products, including sales of "Coco March" products through the Instagram
3  name "drjuanrivera22," misusing Plaintiff's intellectual property. Examples of
4  this Defendant's involvement are attached as Exhibit H.

5      24.    On information and belief, Defendant **Summer Castle Ltd.,** a
6  United Kingdom limited company, which purposefully does business in
7  California, is the owner and/or registrant of one or more websites that market
8  and sell, and the advertiser and/or seller of, the Unlawful Products, including
9  "Tru Bio Keto" and "Tru Bio Keto Gummies," misusing Plaintiff's intellectual
10 property, and applicant for the trademark registration for TRU BIO with the
11 USPTO, which it uses to market and sell the Unlawful Products. Examples
12 of this Defendant's involvement are attached as Exhibit I.

13     25.    On information and belief, Defendant **Freedom Formulations**
14 **Inc.,** a Canadian corporation, which purposefully does business in California,
15 is the owner and/or registrant of one or more websites that market and sell,
16 and the advertiser and/or seller of, the Unlawful Products, including
17 "Ketology Keto Gummies," misusing Plaintiff's intellectual property, and
18 applicant for the trademark registration for KETOLOGY with the USPTO,
19 which it uses to market and sell the Unlawful Products. Examples of this
20 Defendant's involvement are attached as Exhibit J.

21     26.    On information and belief, Defendant **Agniente Limited,** a
22 Cyprus limited company, which purposefully does business in California, is
23 the owner and/or registrant of one or more websites that market and sell,
24 and the advertiser and/or seller of, the Unlawful Products, including "Try
25 Quick Keto," misusing Plaintiff's intellectual property, and applicant for the
26 trademark registration for QUICK KETO with the USPTO, which it uses to
27 market and sell the Unlawful Products. Examples of this Defendant's
28 involvement are attached as Exhibit K.

27.   On information and belief, **Defendants Does 1–50** are advertisers, advertising networks, affiliates, suppliers, manufacturers, and/or owners of certain Unlawful Products, including those using the websites listed in, and controlling and responsible for the misconduct outlined in, Exhibits B-K. Defendants have been concealing their identities; and Plaintiff does not know the true names and capacities, whether individual, associate, corporate, or otherwise, of Defendants sued herein as Does 1–50, and Plaintiff sues those Defendants by fictitious names. Plaintiff will amend this Complaint to state the true names and capacities of Doe Defendants once they have been discovered. Plaintiff is informed and believes, and on that basis alleges, that Defendants sued herein by fictitious names are in some way liable and responsible to Plaintiff based on the facts herein alleged.

28.   In particular, on information and belief, Doe Defendants include entities and individuals doing business in California who are responsible for the Unlawful Products misusing Plaintiff's intellectual property, including:

a. the owners and/or registrants of one or more websites that market and sell, and/or the advertisers and/or sellers of, the Unlawful Products, including "Spectrum CBD Gummies," "Ultra CBD Gummies," "Accent Slim Keto Gummies," "Pure CBD Gummies," "Supreme Keto ACV Gummies," "Life Boost Keto," and "Keto ACV Luxe";

b. advertising networks and/or marketing companies, coordinating and profiting from the display of infringing content in connection with advertisers and/or affiliates;

c. affiliates that create and/or publish advertisements or other content using Plaintiff's intellectual property, including Plaintiff's Marks and the photographs and videos of its co-owner Dr. Juan, without consent, and/or that instigate

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1    purchases of Unlawful Products by contacting consumers
2    through Facebook, Instagram, Google, and other social media
3    or website accounts, posts, marketing, and groups; and

4    d.   owners, officers, directors, and/or representatives of one or
5    more of the Defendants, who personally and materially
6    controlled or had the ability to control, participated in, profited
7    from, or ratified, the misconduct alleged in this Complaint.

8    29.    On information and belief, Doe Defendants were the principals,
9    agents, affiliates, joint venturers, partners, alter egos, co-conspirators,
10   and/or employees of other Defendants, and in doing the acts alleged in this
11   Complaint, were acting within the course and scope of their duties, with the
12   permission and consent of the other Defendant(s), and each other
13   Defendant(s) having ratified the acts of the other. Moreover, on information
14   and belief, each of the Defendants are the alter egos of each other, having
15   a unity of interest in ownership and control such that any individuality and
16   separateness has ceased and maintaining the separateness would be
17   unjust. In fact, Doe Defendants are using identical or similar advertisements,
18   websites, and/or redirect links for their infringement, and/or selling similar
19   products and, on information and belief, aggregate sales on single websites
20   and share profits from sales of the Unlawful Products.

21   30.    On information and belief, at least certain Doe Defendants are
22   related to or working with Limitless Defendants in some capacity.

23   **FACTUAL ALLEGATIONS**

24   **Background of Deceptive Affiliate Advertising**

25   31.    Defendants' scheme utilizes misleading affiliate advertising
26   where consumers first encounter purported "Dr. Juan" advertisements, such
27   as Facebook posts using Plaintiff's Marks and sometimes photographs of Dr.
28   Juan marketing the Unlawful Products, and then click on links to be

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  redirected to unauthorized "Dr. Juan" websites and then to the final purchase

2  pages of advertisers. Advertisers regularly pay "affiliates" aka "publishers"

3  through "advertising networks" to market their products, with everyone in the

4  chain unlawfully profiting from the initial deceptive advertisements.

5      32.   As outlined by the Federal Trade Commission ("FTC") and

6  others, dishonest affiliate marketing occurs where product owners hire

7  marketers to promote products, such as on social media, and marketers

8  make misleading claims to get people to click on an advertisement, such as

9  by misusing claimed celebrity endorsements.[1] Product owners can also hire

10  networks of affiliate marketers, often referred to as affiliate advertising

11  networks, which connect merchants to marketers and which may negotiate

12  advertising terms. If consumers click on an affiliate link published by the

13  affiliate marketer, they are redirected to product owners' websites where they

14  make a purchase, and the marketer and network both get paid.[2]

15      33.   Fraudulent product scams on social media platforms have

16  become a huge concern, especially where there is exposure to fake health-

17  care products and counterfeit goods. In fact, due to reports that consumers

18  lost more than $1.2 billion to this type of fraud alone, the FTC recently

19  ordered various social media companies, including Meta Platforms, Inc. (fka

20  Facebook), Instagram, LLC, YouTube, LLC (owned by Google), and others

21

22  _____

[1] *See e.g., Did Your Favorite Shark Tank Celebrity Really Endorse THAT? Probably Not,,* FTC Consumer Alert (Feb. 17, 2023),

23  https://consumer.ftc.gov/consumer-alerts/2023/02/did-your-favorite-shark-

24  tank-celebrity-really-endorse-probably-not (warning of scams involving weight loss and keto pills and telling consumers to approach celerity

25  testimonials with caution); *see also Beware Keto Diet Pill Scams, AARP Post* (July 29, 2020), *https://www.aarp.org/money/scams-fraud/info-*

26  *2020/keto-diet-pill-scams.html.*

27  [2] *See e.g., What's Affiliate Marketing? Should I Care?*, FTC Blog Post (Sept.

28  20, 2017), https://www.consumer.ftc.gov/blog/2017/09/whats-affiliate-marketing-should-i-care.

Case No. 2:23-cv-2293                                              **COMPLAINT**

1    to produce policies and other records for monitoring compliance with

2    deceptive sponsored advertisements and other social media misconduct.[3]

3    34.    Celebrities such as Oprah and Dr. Oz have been forced to litigate

4    against advertisers misusing their testimonials and intellectual property.[4]

5    35.    Plaintiff also litigated similar claims against Limitless Defendants,

6    leading to the discovery of additional defendants as well as a settlement

7    through the Agreement with injunctive and monetary relief.[5]

8                    **Plaintiff's Business and Intellectual Property**

9    36.    Dr. Juan is the renowned co-owner and founder of Santo

10    Remedio and one of the leading medical experts in his field, especially in the

11    Hispanic community throughout the United States. As recently introduced on

12    ABC, Dr. Juan has been "the leading voice for the underserved Hispanic

13    communities since the beginning of the COVID-19 pandemic" and "the Chief

14    Medical Correspondent for the Univision television network."[6]

15    37.    Furthermore, Dr. Juan is a board-certified internist and

16    cardiologist with specialization in the prevention, early detection, and

17    treatment of cardiovascular diseases. He is also a bestselling author and a

18    _____

19    [3] *FTC Issues Orders to Social Media and Video Streaming Platforms Regarding Efforts to Address Surge in Advertising for Fraudulent Product Scams,* FTC Press Release (March 16, 2023), https://www.ftc.gov/news-events/news/press-releases/2023/03/ftc-issues-orders-social-media-video-streaming-platforms-regarding-efforts-address-surge-advertising?utm_source=govdelivery.

22    [4] *See e.g., Oz. v. FWM Laboratories, Inc.* 1:09-cv-07297-DAB (S.D.N.Y.), and similar Attorney General and federal government actions, *People v. Crush, LLC*, Case No. 09CH29100 (Cir. Ct. Ill.) (claiming defendants unlawfully used fake endorsements of celebrities such as Oprah Winfrey and Dr. Oz to sell weight loss products), and *FTC v. Central Coast Nutra. Inc.*, Case No. 10C4931 (E.D. Ill.) (claiming fake Oprah and Rachel Ray endorsements were deceptive acts or practices in violation of the FTC Act).

27    [5] *Santo Remedio, LLC dba Dr. Juan's Santo Remedio v. OneShot IP Holdings, Inc. et al.*, Case No. 2-21-cv-03766-AB-PD (C.D. Cal., Filed 2021).

28    [6] *See* https://en.misantoremedio.com/pages/press.

1   leading authority on wellness, diet, exercise, stress, sleep patterns, and the

2   prevention of heart attacks. Nearly a decade ago, Dr. Juan began as the

3   Chief Medical Correspondent of Univision, where he created numerous

4   campaigns for the betterment of the health and wellness of the Hispanic

5   community; and he has routinely been featured by the media for his

6   experience and expertise, including on Despierta America (an American

7   Spanish language morning television show on Univision) and GMA3

8   (afternoon version of Good Morning America), and has been nominated for

9   a Daytime Emmy Award for Outstanding Entertainment Program in Spanish.

10      38.   Among other things, Plaintiff markets and sells dietary

11   supplement products, including "gummies," using the Marks.

12      39.   Since at least 2020, Plaintiff has used the Marks; Plaintiff has

13   marketed and sold dietary supplements, probiotic supplements, vitamin

14   supplements, food supplements, and homeopathic supplements products

15   ("Plaintiff's Supplement Products") throughout the U.S. and internationally

16   using the Marks. *See* Exhibit A.

17      40.   Through Plaintiff's continuous, robust, and successful marketing

18   of Plaintiff's Supplement Products using the Marks, the Marks have become

19   strong signifiers of Plaintiff and Plaintiff's Supplement Products; and

20   consumers associate the Marks with Plaintiff's Supplement Products.

21      41.   Additionally, Plaintiff and related businesses are the exclusive

22   licensees of the name and likeness of Dr. Juan for use in connection with

23   Plaintiff's Supplement Products; and Plaintiff has marketed and sold

24   Plaintiff's Supplement Products using Dr. Juan's name and likeness, as

25   reflected in Exhibit A.

26      42.   Because Dr. Juan is a world-renowned medical expert, and

27   because Plaintiff has engaged in continuous, robust, and successful

28   marketing campaign for Plaintiff's Supplement Products using Dr. Juan's

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  name and likeness, consumers have come to associate Dr. Juan's name and

2  image with Plaintiff and Plaintiff's Supplement Products.

3      43.    Plaintiff advertises and sells its products, including Plaintiff's

4  Supplement Products, through its social media pages, such as Plaintiffs'

5  Facebook[7] and Instagram[8] pages, its Amazon store[9], and its website.[10]

6      44.    Moreover, Dr. Juan, on behalf of Plaintiff, promotes Plaintiff's

7  Supplement Products in connection with Plaintiff's Marks and his own name

8  and likeness through his verified Instagram[11] and Facebook[12] pages, where

9  he has millions of followers and likes and regularly posts photographs and

10  videos of himself supporting Plaintiff's products, highlighting that he is a co-

11  owner and founder of Plaintiff.

12            **Defendants' Ongoing Scheme of Unlawful Conduct**

13            *Summary of Prior Action Against Limitless Defendants*

14      45.    Similar to affiliate advertising misuses of names like "Oprah" and

15  "Dr. Oz," Plaintiff and its co-owner Dr. Juan have been the targets of misuses

16  of their Marks, name, and likeness both now and in the past.

17      46.    In May 2021, Plaintiff was forced to file a similar lawsuit against

18  Limitless Defendants to seek relief for related abuses of Plaintiff's intellectual

19  property along with expedited discovery to uncover Doe Defendants: *Santo*

20  *Remedio, LLC dba Dr. Juan's Santo Remedio v. OneShot IP Holdings, Inc.*

21  *et al.*, Case No. 2-21-cv-03766-AB-PD (C.D. Cal.).

22      47.    In September 2021, Plaintiff and Limitless Defendants settled the

23  lawsuit, resulting in the Agreement for both monetary and injunctive relief.

24

25  [7] https://www.facebook.com/misantoremediooficial

25  [8] https://www.instagram.com/mi_santoremedio/?hl=en

26  [9] https://www.amazon.com/stores/SantoRemedio/page/9A5D149A-6943-499B-9CC8-B3F9AECEC1F7?ref_=ast_bln

27  [10] https://misantoremedio.com/

28  [11] https://www.instagram.com/drjuanjr/?hl=en

28  [12] https://www.facebook.com/drjuanjr/

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

(D.E. 31.) In particular, the Agreement required Plaintiff to dismiss the prior lawsuit, which Plaintiff has done, and required Limitless Defendants:

    a. to implement a compliance program to prevent misuse of Plaintiff's IP [including Plaintiff's trademarks and other intellectual property, including the videos and photographs of Dr. Juan and the names "Dr. Juan" and "Dr. Juan Rivera"];

    b. to permanently disable any advertising containing or misusing Plaintiff's IP or demand that the responsible party disable it if reasonably possible within two business days;

    c. to promptly provide any information reasonably requested by Plaintiff in connection with such advertising, including the names and contact information of any other party (including any advertisers, advertising networks, or affiliates/publishers) related to, directly or indirectly, such advertising;

    d. to pay Plaintiff liquidated damages for violations; and

    e. to pay attorney's fees to Plaintiff for enforcement.

48.    On information and belief, Limitless Defendants have failed, and are failing, to comply with the above-referenced terms of the Agreement, and they have not made reasonable or good faith efforts to comply with the terms of the Agreement. When Plaintiff contacted Limitless Defendants, through counsel, regarding their breach of the Agreement, Limitless Defendants failed to satisfactorily confirm compliance with the referenced terms. For example, Limitless Defendants have not provided evidence of (a) any compliance program, (b) any disabling of advertising (or demands to responsible parties) within two business days, (c) other information reasonably requested (e.g., any advertisers or advertising networks, all of their affiliates/publishers, and relevant products) within a prompt time period.

49.    After Plaintiff's written notice to Limitless Defendants, which

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1   involved significant investigation to trace their involvement, there are still
2   dozens, if not more, active links that misuse Plaintiff's intellectual property
3   that are redirecting to Limitless Defendants' "Keto" and similar websites,
4   including links identified to Limitless Defendants as well as new material.

5   *Summary of Defendants' Common Misconduct*

6   50.   Defendants, including Limitless Defendants, are continuing to
7   willfully use Plaintiff's Marks, the name and likeness of Dr. Juan, and
8   Plaintiff's other intellectual property to deceptively "brand" their
9   advertisements, webpages, and products as being endorsed or associated
10  with Plaintiff and its co-owner Dr. Juan, which is false.

11  51.   Starting around or before late 2021 to 2022, Defendants,
12  including through their network of affiliates, have perpetrated and ratified a
13  widespread infringement scheme whereby they market and sell their
14  competitive Unlawful Products using Plaintiff's Marks, as well as use the
15  name, image, and likeness of Dr. Juan, using numerous websites and
16  advertisements, such as social media pages and posts, in both Spanish and
17  English. While Defendants' initial marketing is largely on Facebook and
18  Instagram, targeting consumers in California and elsewhere, Defendants
19  also use Google pages/groups, YouTube, Jimdo, Twitter, Pinterest, and
20  Amazon. Subpoenas to these entities and to related domain name registrars
21  and service providers are expected to uncover Doe Defendants.

22  52.   Defendants advertise and sell the Unlawful Products primarily
23  under various "Keto," "CBD," and "gummy" brand names, and redirect
24  consumers to Defendants' similar end websites to purchase the Unlawful
25  Products. *See* Exhibits B–K.

26  53.   Egregiously, Defendants are falsely and deceptively claiming
27  that Plaintiff, including its famous physician owner, Dr. Juan, sells and
28  endorses the Unlawful Products, which are health and wellness products

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1   about which a famous doctor's endorsement is extremely meaningful to

2   consumers. In other words, Defendants are falsely claiming the Unlawful

3   Products are associated with Plaintiff, the Marks, and Dr. Juan and thus

4   profiting from Plaintiff's Marks and goodwill and willfully deceiving

5   consumers, many of whom are Hispanic, do not speak English as a first

6   language, and/or are a vulnerable population.

7   54.   Some advertisements for Unlawful Products even misleadingly

8   show association with "Shark Tank" and "Oprah." *See* **Exhibit L**.

9   55.   Defendants' advertisements pose a significant health risk to the

10   public because they often falsely promise that consumers can lose

11   substantial weight fast without dieting or exercise, in direct violation of FTC

12   guidelines, or can get a quick remedy for diseases like dementia and

13   diabetes. Other online advertisements for the Unlawful Products contain

14   misleading claims associating the Unlawful Products with the Food and Drug

15   Administration ("FDA") and have hidden or no terms about deceptive

16   charges for automatically renewing subscriptions and undisclosed charges.

17   56.   While Defendants use different names, websites, and

18   advertisements at various times in attempts to avoid detection, their scheme

19   follows the same pattern, as the examples below demonstrate.

20   *Examples of Advertisements, Redirect Links, and Purchase Pages*

21   57.   Typically, Defendants, directly or through Doe Defendant

22   affiliates, post advertisements for Unlawful Products on social media using

23   Plaintiff's intellectual property. Examples are below and in Exhibits B-K.

24   *Examples Using Plaintiff's Marks*

25   https://www.facebook.com/profile.php?id=100090506149552

26

27

28

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108



https://sites.google.com/view/drjuanriveraketoblastgummiesus/home?fbclid=
IwAR0Un1YbekLaArptU1CSSxIkmAc2bNW1NXi03fMaN1j1hyGBqP6YpcBO
reM



https://www.facebook.com/people/Dr-Juan-Rivera-Keto-Blast-
Gummies/100090813996478/



*Examples Adding Co-Owner Dr. Juan's Photographs and Videos*

https://www.deviantart.com/drjuanriverraketo/art/Dr-Juan-Rivera-Keto-Blast-
Gummies-Price-951661573



https://www.facebook.com/photo/?fbid=3434163623477658&set=a.1390757801151594C






58.    Defendants also blatantly reach out to consumers, such as through social media chat messages, through their deceptive accounts. For example, the Instagram account "DrJuanRivera22" not only used Plaintiff's Marks and Dr. Juan's photograph, shown below, but contacted consumers through private messages to sell Unlawful Products, stating things like the following (in Spanish and translated into English): "trust me. I have the products that will help you . . . I don't joke with the health of people."



59.    Further, many of Defendants' websites and social media pages/posts use Plaintiff's Marks in the URL subdomain, as outlined by the limited examples below and in Exhibits B-K.

- https://www.facebook.com/DrJuanRiveraKeto
- https://www.facebook.com/DrJuanRiveraKetoBlastGummies

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

- https://www.facebook.com/TruBioKetoGummiesDrJuan
- https://www.facebook.com/DrJuanRiveraKetoGummies
- https://sites.google.com/view/drjuanriveraketogummiesus/
- https://groups.google.com/g/dr-juan-rivera-keto-gummies-result-us
- Instagram name: drjuanrivera22

60.    On information and belief, Defendants also send spam emails to consumers to sell Unlawful Products using Plaintiff's Marks and goodwill.

61.    Defendants' deceptive advertisements then redirect through various intermediary links, indicating use of advertising networks, and finally to Defendants' end purchase pages for the Unlawful Products.

62.    The redirect links (between the initial advertisement and end purchase pages) follow similar patterns, as outlined below and Exhibit B.

- http://fasttrack05.com
- http://fasttrack09.com
- http://fasttrack11.com
- http://www.webmdtips24x7.com
- https://amazonmart24x7.com
- https://supplements24x7.org
- https://gummiesbuy24x7.com/JuanRiveraKetoGummies/

63.    Defendants' domain names are registered through third-party proxy or privacy services to, on information and belief, mask the identities of the true owners and operators of the domain names and related websites in attempts to shield Defendants from liability for deceptive conduct.

64.    Nonetheless, while Defendants have tried to cover their tracks, consumers are ultimately redirected to similar purchase pages where Defendants sell their Unlawful Products. For instance, multiple purchase pages deceptively claim the Unlawful Products can "Melt Fat Fast! Without

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

Diet or Exercise" in either Spanish or English.[13] Examples of these product purchases pages are below and in Exhibits B–K.

*Examples of "Keto" Gummy Purchase Pages Version 1[14]*



*Examples of "Keto" Gummy Purchase Pages Version 2[15]*

---

[13] Notably, the FTC has rejected this type of claim to lose fat "without diet or exercise" as lawful marketing. *See The Truth Behind Weight Loss Ads,* FTC Article (July 2022), https://consumer.ftc.gov/articles/truth-behind-weight-loss-ads.

[14] https://try-topgoketos.com/offer/goketo_gummies/us-v7-1/?uid=20aa4c40-2c48-406b-a003-9b7a2591a875; https://tryacv-gummiesketo.com/offer/ketoacv_gummies/us-v1n/?uid=b6f07864-ff45-45c8-80ae-b0f84f51df9e; https://nutraplatforms.com/Order/Get-DrJuanRiveraKetoGummies; *see also* Greatresultsacv.com

[15] https://www.ftwketo.com/S3/; https://getketokitcheckout.com/lp1/?AFFID=04BD0592&c1=7&c2=Jessica+Brady&c3=054a5a3dd8c04ad6ada74e2446894af1&c4=&c5=; Buyluxebrands.com

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108





## Examples of "CBD" Gummy Purchase Pages[16]





65.    Defendants are also engaging in fraudulent credit card scams. For example, consumers are shown one price on the purchase pages and told

_____

16

https://buyspectrumbrands.com/v1/index.php?AFFID=MOB&C1=2552&C2=&C3=204400500;

https://buyultrabrands.com/v1/index.php?AFFID=DX&C1=215445&C2=&C3=196670102

they will only incur certain charges, but Defendants then charge additional amounts to consumers' credit cards, often applying automatically recurring subscriptions and hidden added purchases, without authorization. Consumer complaints, including on public websites, *see* Exhibit L, and test purchases outline this deceptive practice and inability to get charges reversed.

### *Example of Advertisement Flow*

66.    For context, a full example showing one of Defendants' deceptive advertisements redirecting to an end purchase page is shown below.

*Example of initial Facebook ad:* https://www.facebook.com/people/Dr-Juan-Rivera-Keto-Blast-Gummies/100090813996478/



*Example of WhereGoes trace results to determine the website links between the "official website" linked in the Facebook advertisement to the end purchase page:*



*Screenshot of the end purchase page:* https://try-topgoketos.com/offer/goketo_gummies/us-v7-1/?uid=20aa4c40-2c48-406b-a003-9b7a2591a875



KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

67.    Test purchases of Unlawful Products revealed that Limitless Defendants were responsible for at least some of the misconduct identified in this Complaint. For example, screenshots of a test purchase show "Limitless" and "Emblaze One," which are the Limitless Defendants' business names.

 

68.    Nonetheless, Defendants are still trying to cover their tracks and associations with one another.

*Defendants' Persistent Misconduct Despite Efforts to Mitigate*

69.    Defendants' infringement scheme includes advertisements and links that are still active, despite sending cease and desist letters and reporting the abuse through Facebook and other platform channels. What's more, Defendants repeatedly continue to publish new infringing webpages and advertisements to market and sell the Unlawful Products, and they continually move websites and redirect links to try to avoid detection.

**Continuing Damages to Plaintiff and the Public**

70.    Defendants continue to infringe upon Plaintiff's Marks and Dr. Juan's name and likeness, and to willfully divert Plaintiff's customers; and on information and belief, Defendants are still manufacturing, advertising, shipping, offering, selling, and/or distributing the Unlawful Products throughout the United States and within this District in what is believed to be a multi-million-dollar scheme. Defendants' conduct is especially damaging to

1  Plaintiff given its co-owner Dr. Juan's profession and reputation as a doctor
2  and spokesperson.

3      71.   Defendants' infringement of Plaintiff's Marks and Dr. Juan's
4  name and likeness, as well as other unlawful and unfair conduct, have all
5  severely damaged Plaintiff's goodwill and sales, resulting in numerous
6  consumers contacting Plaintiff and Dr. Juan to express actual confusion
7  between Defendants and the Unlawful Products, on the one hand, and
8  Plaintiff, Plaintiff's Marks, and Dr. Juan's name and likeness on the other
9  hand.

10      72.   Although Plaintiff has spent significant time and expense to try to
11  take down Defendants' unlawful websites and advertisements, and certain
12  content has been removed, Defendants continue to generate new infringing
13  content through social media and various websites. Thus, unless restrained,
14  Defendants' conduct will continue to cause great and irreparable injury to
15  Plaintiff, leaving Plaintiff with no adequate remedy at law.

16      73.   Further, on information and belief, Defendants' misconduct has
17  harmed and continues to harm the public, including by having a significant
18  adverse impact on California consumers purchasing the Unlawful Products,
19  and including through ads on Facebook, which is based in California. On
20  information and belief, the harm to consumers is significant and widespread
21  with numerous consumers, including in California, complaining online and to
22  Plaintiff directly regarding the Unlawful Products and Defendants' conduct.

23      74.   In particular, Defendants' unauthorized heath claims pose
24  significant risk to public health and safety, especially where advertisements
25  are "sponsored" on social media, which the FTC recognized as a concern.

26      75.   Defendants' misconduct has created widespread public as well
27  as private consumer complaints, including about Plaintiff's affiliation with
28  Defendants' Unlawful Products. For example, Plaintiff has received daily

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  calls, such as to order Defendants' Unlawful Products or report

2  advertisements with Plaintiff's Marks; and consumers have expressed

3  concern over Defendants' false promises and high charges.

4      76.   As relief for Defendants' misconduct, Plaintiff seeks all available

5  remedies, including an injunction, statutory and exemplary damages,

6  disgorgement of Defendants' profits, costs, and attorney's fees.

7  **FIRST CLAIM FOR RELIEF**

8  **(False Association and False Advertisement in Violation of 15 U.S.C.**

9  **§1125(a))**

10  **Against All Defendants**

11      77.   Plaintiff repeats and incorporates by reference all of the above

12  allegations.

13      78.   Defendants' conduct violates Section 43(a) of the Lanham Act,

14  15 U.S.C. §1125(a)(1)(A)–(B).

15      79.   Plaintiff is the owner or exclusive licensee of the Marks.

16      80.   Since at least 2020, Plaintiff has used the Marks in commerce,

17  including throughout the United States and this District, in connection with

18  and as source identifiers for Plaintiff and Plaintiff's Supplement Products. As

19  a result, Plaintiff has established trademark rights in the Marks.

20      81.   Additionally, since at least 2020, Plaintiff has used the name and

21  likeness of Dr. Juan, including throughout the United States and this District,

22  in connection with and as source identifiers for Plaintiff's Supplement

23  Products. As a result, Plaintiff has established trademark rights in the Marks.

24      82.   Since around or before late 2021 to 2022, Defendants have used

25  in commerce, in connection with their competitive Unlawful Products,

26  Plaintiff's Marks or variations thereof and the name and likeness of Dr. Juan,

27  including on Defendants' websites, social media pages, and advertisements,

28  without Plaintiff's consent or authority, in connection with Defendants'

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

marketing and sales of the Unlawful Products. Defendants' use of Plaintiff's Marks and variations thereof and the name and likeness of Dr. Juan is likely to cause confusion, to cause mistake, and to deceive as to the affiliation, connection, and association of Defendants with Plaintiff, and as to the origin, sponsorship, and approval of Defendants' Unlawful Products by Plaintiff.

83.    Since around or before late 2021 to 2022, Defendants have published false and material statements of fact in commercial advertisements in interstate commerce about Defendants' Unlawful Products. Defendants' statements actually deceived and had the tendency to deceive a substantial segment of the audience. Specifically, Defendants have held themselves out to the public as Plaintiff through use of the Plaintiff's Marks and the name and likeness of Dr. Juan. Such statements are literally false; Defendants are neither Plaintiff nor authorized by Plaintiff to use Plaintiff's Marks or the name and likeness of Dr. Juan.

84.    By engaging in the above-described activities, Defendants have made, or knowingly conspired and agreed to be made, false or misleading representations of fact, which were material. For example, Defendants' websites, social media pages, and advertisements claim that a reputable and widely known company, Plaintiff, and its co-owner physician, e.g., "Dr. Juan's Santo Remedio" and "Dr. Juan Rivera," market and sell the Unlawful Products, which is false; and consumers and Plaintiff's customers are likely to be and in fact have been misled by the false claims.

85.    At all relevant times, Defendants' conduct has been willful and intentional. In fact, on information and belief, Defendants have been notified and are aware of Plaintiff's use of and rights in the Marks and yet have continued to copy and profit from using Plaintiff's Marks and variations thereof, along with Dr. Juan's name and likeness, to sell the Unlawful Products, which are substantially similar goods as those sold by Plaintiff in

1    connection with Plaintiff's Marks.

2        86.    Individual (as opposed to company) Defendants are liable for
3    direct, contributory, and/or vicarious false advertising under the Lanham Act.

4        87.    As a direct and proximate result of the actions and conduct of
5    Defendants, Plaintiff has been damaged and will continue to be damaged
6    unless Defendants' conduct is enjoined by this Court.

7        88.    Plaintiff is entitled to injunctive relief against Defendants, as well
8    as all other remedies available under the Lanham Act, including, but not
9    limited to, damages in an amount to be proven at trial, statutory penalties,
10   disgorgement of Defendants' profits, and costs and attorney's fees.

## SECOND CLAIM FOR RELIEF

## (Unfair Competition in Violation of Cal. Bus. & Prof. Code §17200)
## Against All Defendants

14       89.    Plaintiff repeats and incorporates by re reference all of the above
15   allegations.

16       90.    Defendants have committed acts of unfair competition.
17   Defendants violated, and continue to violate, California Business and
18   Professions Code §17200 et seq. by masquerading as Plaintiff and
19   pretending to be sponsored by and affiliated with Plaintiff and its co-owner.

20       91.    In particular, Defendants committed "unlawful" business acts and
21   practices by violating the Lanham Act, 15 U.S.C. §1125(a), misappropriating
22   the name, image, and likeness of Dr. Juan, violating the FTC Act, 15 U.S.C.
23   §45 et seq., and related rules and guidelines, violating state consumer
24   protection, advertising, and deceptive practices acts, including California's
25   False Advertising Law, Cal. Bus. & Prof. Code §17500, and Consumer Legal
26   Remedies Act, Cal. Civ. Code §1750, and violating the right of publicity of Dr.
27   Juan, including under common law and statutes, see Cal. Civ. Code §3344.

28       92.    As a direct and proximate result of the actions and conduct of

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  Defendants, Plaintiff has suffered injury in fact and has lost money and

2  property, and Defendants' misrepresentations and misconduct are a material

3  reason that consumers purchased Defendants' Unlawful Products instead of

4  Plaintiff's products, resulting in the loss of Plaintiff's goodwill and profits.

5      93.  Defendants' unlawful and unfair conduct is ongoing and continues

6  to this date. In light of the above, Plaintiff is entitled to an injunction restraining

7  Defendants from engaging in further unlawful conduct.

8      94.  Plaintiff is also entitled to attorney's fees under Code of Civil

9  Procedure §1021.5 as this lawsuit seeks to enforce an important right

10  affecting the public interest because there will be a significant benefit,

11  pecuniary and/or nonpecuniary, on the general public or large class of

12  persons through this case, and there would be a huge financial burden for

13  individual consumers to seek relief, making an award of fees appropriate.

**THIRD CLAIM FOR RELIEF**

**(Breach of Contract)**

**Against Limitless Defendants**

17      95.  Plaintiff repeats and incorporates by re reference all of the above

18  allegations.

19      96.  Plaintiff and Limitless Defendants entered into an enforceable

20  contract in the form of the Agreement.

21      97.  Plaintiff did all, or substantially all, of the significant things required

22  of Plaintiff by the Agreement and/or was excused from performing.

23      98.  Limitless Defendants failed to do all, or substantially all, of the

24  significant things required of them by the Agreement and were not excused

25  from performing.

26      99.  In particular, Limitless Defendants have failed to implement a

27  compliance program to prevent misuse of Plaintiff's intellectual property.

28      100.  Moreover, Limitless Defendants have failed to permanently

1   disable all advertising containing or misusing Plaintiff's intellectual property or

2   demand that the responsible party disable it if reasonably possible within two

3   business days of notice.

4       101.  In addition, Limitless Defendants have failed to promptly provide

5   all information reasonably requested by Plaintiff in connection with such

6   advertising, including their product names and the names and contact

7   information of any other party (including any advertisers or advertising

8   networks or all of their relevant affiliates/publishers) related to, directly or

9   indirectly, advertising containing or misusing Plaintiff's intellectual property.

10      102.  Plaintiff has been harmed as a result of Limitless Defendants'

11  multiple breaches of the Agreement, and Limitless Defendants' breaches

12  were a substantial factor in causing Plaintiff harm.

13      103.  Plaintiff is entitled to recover liquidated damages and attorney's

14  fees under the Agreement.

## PRAYER FOR RELIEF

16      **WHEREFORE**, Plaintiff respectfully requests that the Court enter

17  judgment in favor of Plaintiff and against Defendants and award the following

18  relief to Plaintiff and against Defendants:

19      1.    A permanent injunction requiring Defendants to cease using

20  Plaintiff's intellectual property in connection with the Unlawful Products;

21      2.    Compensatory, statutory, exemplary and/or liquidated damages

22  in an amount to be proved;

23      3.    Disgorgement of wrongful profits in an amount to be proved;

24      4.    The costs of the suit;

25      5.    Plaintiff's attorney's fees;

26      6.    Interest on applicable amounts; and

27      7.    Such other relief as the Court may deem proper.

28

Case No. 2:23-cv-2293

COMPLAINT

1  Respectfully Submitted,

2  DATED: March 28, 2023             KRONENBERGER ROSENFELD, LLP

3

4                                    By: ____s/ Karl S. Kronenberger_____

5                                          Karl S. Kronenberger

6                                    Attorneys for Plaintiff Santo Remedio,
                                     LLC dba Dr. Juan's Santo Remedio
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# JURY TRIAL DEMANDED

Plaintiff Santo Remedio, LLC dba Dr. Juan's Santo Remedio hereby demands a trial by jury on all issues so triable.

Respectfully Submitted,

DATED: March 28, 2023                    KRONENBERGER ROSENFELD, LLP

By: ___s/ Karl S. Kronenberger_____
                    Karl S. Kronenberger

Attorneys for Plaintiff Santo Remedio, LLC dba Dr. Juan's Santo Remedio

Case No. 2:23-cv-2293

COMPLAINT